UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIN RAE BEIGHLEY,

    Plaintiff,

v.   CASE NO. 3:14-cv-720-J-MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Plaintiff alleges she became disabled on June 10, 2010. (Tr. 179, 185.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on October 10, 2013, at which Plaintiff was represented by an attorney. (Tr. 24-48.) The ALJ issued a fully favorable decision, finding Plaintiff disabled from June 10, 2010 through October 24, 2013, the date of the decision.[2] (Tr. 12-22.)

However, on December 16, 2013, the Appeals Council issued a notice

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 22, 23.)

[2] Plaintiff had to establish disability on or before December 31, 2015, her date last insured, in order to be entitled to a period of disability and DIB. (Tr. 16.)

informing Plaintiff that it was reviewing, *sua sponte*, the ALJ's fully favorable decision. (Tr. 172.) On April 22, 2014, the Appeals Council issued a decision finding Plaintiff not disabled from June 10, 2010 through October 24, 2013. (Tr. 4-10.) In reaching this decision, the Appeals Council agreed with the ALJ's findings in steps one through four of the sequential evaluation process, but disagreed with the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") and with his conclusion that no jobs existed in significant numbers in the national economy that Plaintiff could perform.[3] (Tr. 4-5.) The Appeals Council found, *inter alia*, that Plaintiff had the RFC to perform a full range of light work[4] and that her subjective complaints were "not fully credible for the reasons identified in the body of [its] decision." (Tr. 8.)

Plaintiff is appealing the Appeals Council's decision (also referred to hereinafter as the "Commissioner's decision") that she was not disabled from June 10, 2010 through October 24, 2013. Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated

---

[3] Both the ALJ and the Appeals Council found that Plaintiff had the following severe impairments: psoriatic arthritis, tuberculosis, disorders of the spine, fibromyalgia, degenerative disc disease, and obesity. (Tr. 8, 18.)

[4] By definition, light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; it requires a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. §§ 404.1567(b), 416.967(b); SSR 83-10.

herein, the Commissioner's decision is **REVERSED and REMANDED**.

## I.    Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

II.  **Discussion**

Plaintiff raises two issues on appeal.  First, Plaintiff argues that the Appeals Council erred in determining that she had the RFC to perform a full range of light work after failing to consider and weigh all pertinent evidence, including the opinions of the examining consultants, Dr. Etienne and Dr. Humphreys, and the opinions of the treating physician, Dr. Fanney.  Plaintiff further argues that the Appeals Council erred in assessing her credibility when the record reveals that she suffered from documented impairments causing significant limitations and the Commissioner's characterization of Plaintiff's daily activities was not exactly accurate.

The Court agrees with Plaintiff that the Appeals Council's failure to state the weight accorded to the opinions of Dr. Etienne, Dr. Humphreys, and Dr. Fanney warrants a remand.  Although the Appeals Council discussed the opinions of these doctors and the weight that they were accorded by the ALJ, the Appeals Council did not state what weight it gave these opinions.  *See Winschel v.Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (stating that the Commissioner "must state with particularity the weight given to different medical opinions and the reasons therefor").  This is significant because not only do these opinions belong to treating or examining sources, whose findings are generally entitled to more weight

than those of non-examining sources,[5] but also they tend to support Plaintiff's claim of disability. *See Lord v. Apfel*, 114 F. Supp. 2d 3, 13 (D.N.H. 2000) (stating that although the Commissioner is not required to refer to every piece of evidence in his decision, the Commissioner may not ignore relevant evidence, particularly when it supports the claimant's position); *Meek v. Astrue*, 2008 WL 4328227, *1 (M.D. Fla. Sept. 17, 2008) ("Although an ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision . . . . Rather, the judge must explain why significant probative evidence has been rejected.") (internal citations and quotation marks omitted).

For example, after performing a consultative examination on January 21, 2012, Dr. Etienne opined, *inter alia*, that Plaintiff would be unable to stand for more than 30 minutes without rest or to lift anything greater than 20 pounds. (Tr. 342.) Also, Dr. Fanney, who has treated Plaintiff since 2010 (Tr. 300-13, 405-479), opined on October 9, 2013 that Plaintiff is 100% disabled due to her medical condition, including painful range of motion in both shoulders, pain in her hands, cervical and lumbar spine, psoriasis on her scalp, legs, and abdomen, and current treatment for tuberculosis exposure (Tr. 512). These opinions, including the

---

[5] The Appeals Council accorded "great weight" to the non-examining opinions of Dr. Lionel Henry who reviewed the record in April 2012 and opined that Plaintiff retained the RFC to perform light work. (Tr. 7.)

underlying findings on which they are based,[6] suggest greater limitations than assessed by the Appeals Council.

Because the Appeals Council did not state the weight given to these doctors' opinions and their findings, the Court cannot conclude that the Commissioner's decision is supported by substantial evidence.  *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) ("Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'").  Therefore, on remand, the Commissioner will be directed to consider and explain the weight given to the opinions of Dr. Etienne, Dr. Humphreys, and Dr. Fanney, and the reasons therefor. In light of this conclusion and the possible change in the RFC, the Court need not address Plaintiff's second argument regarding credibility.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).

---

[6] For instance, Dr. Fanney's treatment notes consistently indicate that Plaintiff has muscle aches, joint pain and stiffness, tenderness on palpation in her back and muscle spasms, positive straight-leg raising test of her right leg, pain and swelling in her hands and feet, and decreased range of motion of her right arm.  (See, e.g., Tr. 455-58.)

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the Commissioner to: (a) consider and explain the weight given to the opinions of Dr. Etienne, Dr. Humphreys, and Dr. Fanney, and the reasons therefor, (b) reconsider the RFC assessment, if necessary, and (c) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees. *See* In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on December 8th, 2015.

*[signature]*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record